**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARL ROBBINS,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) <br> _____ ) | **CV F 07-0233 AWI** <br> **(CR F 05-0511 AWI)** <br> <br> **MEMORANDUM OPINION** <br> **AND ORDER DENYING** <br> **PETITIONER'S MOTION TO** <br> **MODIFY, VACATE OR SET** <br> **ASIDE THE SENTENCE** <br> <br> **Documents:  # 1 (07cv0233), and** <br> **                    # 110 (05cr0511)** <br> <br> **(28 U.S.C. § 2255)** |

Petitioner Carl Russell Robbins ("Petitioner") was sentenced to a term of ten months imprisonment on December 4, 2006, for his conviction by plea of guilty to one count of Possession of stolen mail and aiding and abetting in violation of 18 U.S.C., sections 1708, and 2. Judgement was entered on December 8, 2006.  Petitioner is currently housed at the Federal Correctional Facility at Atwater, California.  Petitioner timely filed a motion to vacate, modify, or set aside his sentence pursuant to 28 U.S.C., section 2255 on February 12, 2007.  On March 19, 2007, Petitioner filed a motion pursuant to Rule 60(b)[1] of the Federal Rules of Civil Procedure to correct his sentence.

---

[1] References to "Rules" hereinafter refer to the Federal Rules of Civil Procedure unless otherwise specified.

Petitioner's main contention, both respect to his petition for habeas relief and his Rule 60(b) motion is that the court failed to adequately address his medical needs at the time of sentencing and that his sentence should now be modified to allow for some form of home detention so that Petitioner could receive more appropriate medical therapy.  Petitioner alleges in his habeas petition that he suffers from emphysema and chronic obstructive pulmonary disease ("COPD"), asthma, arthritis and that he has a hernia patch that needs to be removed.  The Presentence Report ("PSR") paints a more or less similar picture of poor health and indicates that Petitioner also suffers from chronic depression as a result of his terminal COPD.  The PSR also presents information to indicate Petitioner has a substantial substance abuse problem, including alcohol and methamphetamine abuse.  At sentencing the court noted Petitioner's drug use continued to be a problem during the pendency of his case, and that he was eventually remanded for violating his conditions of release with respect to drug use.

Section 2255[2] of Title 28 of the United State Code provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific

---

[2] Section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

Plaintiff's contention that the court failed to take his medical condition into account in crafting his sentence is simply without factual support.  During sentencing, the court stated it had reviewed the PSR, which contained Petitioner's relevant medical history.  The court also recommended the Petitioner be "incarcerated at an institution that deals with any health concerns that you have. [The court] know[s] that you have a number of medical issues that need to be dealt with, but I believe that those can be adequately dealt with within the Bureau of Prisons."

The court concludes that it adequately took into account Petitioner's medical condition, as well as other relevant factors, in crafting a sentence to meet both his medical needs and the need to take into account his poor performance while on supervised release.  Because the court finds it gave adequate consideration to Petitioner's medical condition at sentencing, Petitioner's claim for relief pursuant to section 2255 is without merit.

Section 2255 challenges only the propriety of the sentence imposed, not the conditions of confinement or manner of execution of the sentence.  United States v. Giddings, 740 F.2d 770, 772 (9 Cir. 1984).  If a federal prisoner wishes to challenge the manner, location, or conditions of a sentence's execution, that challenge must be brought pursuant to section 2241.  United States v. Pararas-Carayannis, 238 F.3d 432, 2000 WL 1350583 at *1 (9 Dist. 2000).  Thus, to the extent Petitioner is challenging his placement based on the manner in which appropriate medical care has, or has not, been made available, Petitioner's challenge is not cognizable under section 2255.  See id. (petitioner's argument "that he should be sentenced to home detention because of his medical condition is a challenge to the manner of the execution of his sentence and may be properly considered under section 2241").

Even if the court could construe Petitioner's pleading as stating a petition pursuant to section 2241, Petitioner would not be entitled to any relief on the facts alleged because Petitioner

has not alleged any specific facts to indicate how the medical treatment he is receiving is deficient.  The mere allegation that Petitioner would receive better treatment in the context of home detention is not sufficient.  Petitioner has not alleged with specificity what medical treatment is required but is not being given, what steps Petitioner has taken to secure such treatment, and what the facility has, or has not done to accommodate Petitioner's needs.  In the absence of any such allegations, the court feels it is proper to dismiss Petitioner's complaint pursuant to section 2255, and allow petitioner to file a new complaint pursuant to section 2241 should he deem necessary.

      Plaintiff's motion pursuant to Rule 60(b) is similarly without merit.  As an initial matter, Petitioner's motion pursuant to Rule 60(b) is improper to the extent it is successive to Petitioners's motion pursuant to section 2255.  Ninth Circuit law pertaining to the use of Rule 60(b) as a means of presenting claims that would otherwise state a claim under section 2255 is well settled.  Where "the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), [. . .], the Rule 60(b) motion should be treated as a successive habeas petition." <u>Thompson v. Calderon</u>, 151 F.3d 918, 921 (9th Cir. 1998).  "Congress has established mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's denial of relief under § 2255. [A petitioner] cannot avoid these jurisdictional limitations by styling his motion under another name." <u>United States v. Christensen</u>, 119 Fed.Appx. 884, 887 (9th Cir. 2004) (denying Rule 60(b) motion where petitioner did not obtain a certificate of appealability).

      To the extent Petitioner's Rule 60 (b) can be construed as an independent motion, not successive to the section 2255 motion, it is factually unsupported.  Petitioner has failed to allege his sentence was the result of fraud, neglect, inadvertence, or any other reason that would come within the scope of Rule 60(b).  As discussed above, the court was aware of Petitioner's medical condition at the time of sentencing and clearly took the information into account in crafting a sentence of relatively short duration to be served at a facility capable of providing the needed

4

medical care.

Therefore, in consideration of the foregoing discussion, Petitioner's motion to vacate, set aside or modify the sentence pursuant to 28 U.S.C., section 2255 is hereby DENIED. The clerk of the court shall close case number 07cv0233. Any further motion pursuant to section 2241 must be filed under a separate case number. Petitioner's motion pursuant to Rule 60(b) is also DENIED.

IT IS SO ORDERED.

**Dated:     April 4, 2007**                                  **/s/ Anthony W. Ishii**
0m8i78                                                UNITED STATES DISTRICT JUDGE